IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GTE MOBILNET OF CALIFORNIA LIMITED PARTNERSHIP, dba VERIZON WIRELESS,<br><br>　　　　Plaintiff,<br>　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　　／ | No. C 05-04056 SI<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS** |

On February 3, 2006, the Court heard oral arguments on defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1). After carefully considering the pleadings and the arguments presented, and for good cause shown, the Court hereby GRANTS defendants' motion to dismiss as to plaintiff's fourth and sixth claims for relief, GRANTS in part and DENIES in part the motion as to plaintiff's fifth claim for relief, and DENIES the motion as to plaintiff's first, second, third and seventh claims for relief.

**DISCUSSION**

Plaintiff GTE Mobilenet of California Limited Partnership, dba Verizon Wireless filed this action against defendants, alleging that defendants' refusal to allow plaintiff to install wireless equipment on the public rights-of-way in San Francisco violated the Telecommunications Act of 1996 and other constitutional and statutory rights. Defendants now move to dismiss.

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. A motion to dismiss will only be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief." *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Fidelity Financial Corp. v. Fed.*

*Home Loan Bank of San Francisco*, 792 F.2d 1432, 1435 (9th Cir. 1986).

Under this standard the bulk of plaintiff's claims survive. Plaintiff's first and second claims, which allege violations of the Telecommunications Act of 1996, are pleaded squarely within the appropriate statutes and withstand the motion to dismiss. *See*, *e.g.*, *Sprint PCS Assets, L.L.C. v. City of La Canada Flintridge*, __ F.3d __, 2006 WL 91541 (9th Cir. 2006); *Qwest Communications Corp. v. City of Berkeley*, 208 F.R.D. 288 (N.D. Cal. 2002). In addition, defendants' objections to the third claim implicate factual matters and are therefore inappropriate on a motion to dismiss. Further, the portion of plaintiff's fifth claim which states a 42 U.S.C. § 1983 claim for violation of substantiative due process is also viable for pleading purposes. *See generally Del Monte Dunes at Monterey, Ltd. v. City of Monterey*, 920 F.2d 1496 (9th Cir. 1990). Finally, given the close relationship between plaintiff's federal and state law claims, the Court will exercise supplemental jurisdiction over the state issues contained in the seventh claim.

Certain of plaintiffs claims, however, are not cognizable. The Court dismisses the fourth claim because, as plaintiff acknowledges, the claim is not properly pleaded. *See Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600 (1979). The portion of plaintiff's fifth claim that states a claim under 42 U.S.C. § 1983 based on plaintiff's rights under 47 U.S.C. § 253 also fails because that statute does not support a § 1983 action. *See Sprint Telephony PCS, L.P. v. County of San Diego*, 377 F. Supp. 2d 886 (S.D. Cal. 2005). Finally, the Court dismisses the sixth claim because declaratory relief is not a cause of action, but a type of remedy. *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221 (9th Cir. 1989).

Accordingly, the Court hereby GRANTS defendants' motion to dismiss as to plaintiff's fourth and sixth claims for relief, GRANTS in part and DENIES in part the motion as to plaintiff's fifth claim for relief, and DENIES the motion as to plaintiff's first, second, third and seventh claims for relief. [Docket ## 11, 12.]

**IT IS SO ORDERED.**

Dated: February 6, 2006

SUSAN ILLSTON
United States District Judge