IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GTE MOBILNET OF CALIFORNIA LIMITED PARTNERSHIP, dba VERIZON WIRELESS,<br><br>   Plaintiff,<br> v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>   Defendant.      / | No. C 05-04056 SI<br><br>**ORDER RE: DISCOVERY** |

By letter briefs, the parties seek resolution of a discovery dispute regarding defendant City of San Francisco's interrogatories and requests for production of documents and things. Defendant seeks an order from the court requiring plaintiff GTE Mobilenet/Verizon to fully respond to its discovery request. The disputed requests seek the following information: (1) Verizon's total gross revenue for services provided to customers with billing addresses in the City and County of San Francisco; (2) the number of Verizon customers with billing addresses in the City and County of San Francisco; and (3) the number of telephone calls made or received by customers through Verizon's personal wireless services facilities located in the City and County. Plaintiff argues that the requested materials are not relevant to its remaining claims, which allege violation of § 253 of the Telecommunications Act. For the reasons set forth below, the Court is not persuaded that the discovery sought is not relevant, and therefore GRANTS the City's motion to compel.

**BACKGROUND**

Plaintiff GTE Mobilnet of California Limited Partnership, dba Verizon Wireless ("Verizon") is

a company licensed by the Federal Communications Commission to build and operate wireless cellular transmission stations to serve Northern California. In an effort to improve its coverage in the City of San Francisco, Verizon sought a permit from the City to install wireless equipment on public rights-of-way throughout the City. This equipment, antennas measuring approximately two feet by two feet and small utility boxes, would be installed on existing telephone and utility poles.

On April 14, 2005, Verizon Wireless, through its agent NextG Networks, submitted to the City an application for a utility conditions permit ("UCP"). The City denied its UCP request. Instead, the City informed Verizon that it needed to obtain a major encroachment permit ("MEPO") for every wireless box that it wanted to install in San Francisco. On October 7, 2005, Verizon filed this action, claiming that San Francisco's actions and laws violated the federal Telecommunications Act, the California Public Utilities Code, and San Francisco's own administrative regulations. Most of the claims in the original complaint have not survived to this stage of the litigation. The instant dispute relates to Verizon's Second Claim, which alleges violations of § 253 of the Telecommunications Act of 1996.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding any matter that is not privileged and is relevant to the claim or defense of any party involved in the pending action. Fed. R. Civ. P. 26(b)(1). Furthermore, the information sought need not be admissible at trial as long as it appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* A " relevant matter" under Rule 26(b)(1) is any matter that "bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389 (1978).

## DISCUSSION

Section 253 of the Telecommunications Act of 1996 precludes states and municipalities from passing laws that "prohibit or have the effect of prohibiting the ability of any entity" from providing telecommunications services. 47 U.S.C. § 253(a). This preemption is not absolute. Section 253 also

includes two "safe harbor" clauses, one of which allows state and local government "to manage the public rights-of-way or to require fair and reasonable compensation from telecommunications providers, on a competitively neutral and nondiscriminatory basis." 47 U.S.C. § 253(c).

In *City of Auburn v. Qwest Corp.*, 260 F.3d 1160, 1175 (9th Cir. 2001), the Ninth Circuit established that a plaintiff may prove a violation of § 253(a) by showing that the challenged state or local law has had an actual impact on the provision of telecommunications services, or that the law "*may have* the effect of prohibiting services." (emphasis added). The Ninth Circuit has since reiterated this holding, stating that to prove a § 253 violation, a plaintiff is not "required to make an actual showing" of telecommunications services that it is effectively prohibited from providing. *Qwest Communications Inc. City of Berkeley*, 433 F. 3d 1253 (9th Cir. 2006) (quoting *Qwest Corp. v. City of Portland*, 385 F.3d 1236, 1241 (9th Cir. 2004)).

The City argues that the discovery it seeks is relevant to the issue of whether the City's laws have had an actual impact on Verizon's ability to provide telecommunications services in violation of § 253. Verizon contends it plans on making only a facial challenge to the local laws, under the Ninth Circuit's interpretation of § 253 discussed above, and therefore its past or current ability to provide services in San Francisco is irrelevant. Verizon states: "To establish a violation of § 253, Verizon Wireless intends to show in its motion for summary judgment that the City's Major Encroachment Permit Ordinance (the "MEPO") is too burdensome on its face to survive scrutiny under the Ninth Circuit test. Verizon Wireless does not need to show its current degree of market entry or any actual impact in terms of number of customers, dollars or calls, existing or lost." Verizon's Letter Br. 3.

The Court does not disagree that a purely facial challenge, devoid of any evidence of actual negative impact on telecommunications providers, may suffice to establish a violation of § 253 under current Ninth Circuit law. And it may well be that Verizon plans on bringing only a facial challenge in its upcoming motion for summary judgment. However, Verizon's objections to the requested discovery will be overruled for two reasons.

In the first place, Verizon's complaint alleges that "[t]he City's arbitrary and unreasonable requirements, procedures, actions and decisions violate § 253 of the Act, in that they prohibit or have the effect of prohibiting [Verizon's] ability to provide telecommunications services within the City and

3

*have been imposed* in an unfair and discriminatory manner." (Complaint ¶ 42 (emphasis added); *see also* ¶ 43.) Despite Verizon's current plans to only mount a facial challenge to the City's actions and ordinances, nothing in Verizon's remaining claims against the City limits Verizon's ability to bring an "as applied" challenge; those claims encompass both theories of § 253(a) violation. The information sought by the City is clearly relevant to such claims.

Secondly, the information sought may also be relevant to a facial challenge to the ordinance. Whether the City's actions "may have" the effect of prohibiting services must certainly be a relative inquiry, depending on a comparison of the cost and other burdens of obtaining the required permits as against the rewards provided by participating in the City's telecommunications market. The information sought will illuminate this balance.

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendants' request to compel discovery (Docket No. 55).

**IT IS SO ORDERED.**

Dated: October 2, 2006

SUSAN ILLSTON
United States District Judge

4